## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 12 2020, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Toshisada Onishi
Harrison, New Jersey

Teruko Onishi
Nagahama, Shiga, Japan

ATTORNEYS FOR APPELLEE-
INTERVENOR STATE OF
INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances H. Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Marriage of:

Toshisada Onishi,

*Appellant-Respondent,*

v.

Rachel E. House,

*Appellee-Petitioner,*

May 12, 2020

Court of Appeals Case No.
19A-DC-2316

Appeal from the
St. Joseph Superior Court

The Honorable
Jenny Pitts Manier, Judge

Trial Court Cause No.
71D05-1605-DR-501[1]

---

[1] We note that the original trial court cause number for this case was 71D06-1605-DR-501, but after the decree of dissolution was issued, Toshisada Onishi moved for a special judge to be appointed in the case.

and

State of Indiana,

*Appellee-Intervenor*.

**Kirsch, Judge.**

[1] Toshisada Onishi ("Father") appeals the trial court's orders denying his motion to enter certain exhibits into the CCS and dismissing his petition to modify custody and a petition filed on behalf of his mother, Teruko Onishi ("Grandmother"), for grandparent visitation. Father raises several issues for our review on appeal that we restate as: whether the trial court abused its discretion when it dismissed Father's petition to modify custody and the petition for grandparent visitation.[2]

The case was transferred to St. Joseph Superior Court 5 with Judge Jenny Pitts Manier presiding, and the cause number, therefore, changed to 71D05-1605-DR-501.

[2] Father also raises a claim that the trial court erred when it issued an order denying his motion to enter Exhibits A-GG into the CCS. However, we note that the challenged trial court order occurred on October 24, 2019 after Father filed his notice of appeal and after this court acquired jurisdiction under Indiana Appellate Rule 8.

We affirm.[3]

# Facts and Procedural History[4]

Father and Rachel E. House ("Mother") were married in 2012 and had a child together, who was born on September 5, 2014. *Appellant's App. Vol. 2* at 47. In November 2015, when the parties separated, a Consent Order was entered that was in the nature of a provisional order and set out child custody, child support and parenting time terms. *Id.* at 43-46, 48. On February 5, 2019, the trial court issued a decree of dissolution dissolving the marriage between Mother and Father, granting sole legal custody and physical custody of their child to Mother, and ordering Father to pay child support for the child. *Id.* at 55, 57.

The State filed a motion to intervene in the case on July 22, 2019 after Mother requested IV-D services for child support. *Appellee's App. Vol. 2* at 2. Father filed objections to the State's motion to intervene on July 22, 2019 and on

---

[3] The State of Indiana filed a brief as Appellee-Intervenor and raised the following issue: whether Father's appeal should be dismissed for lack of subject matter jurisdiction because the order allowing the State to intervene was a non-final interlocutory order. We agree with that State that a challenge to the trial court's grant of the State's motion to intervene should be dismissed for lack of subject matter jurisdiction. *See In re Estate of Botkins*, 970 N.E.2d 164, 168 (Ind. Ct. App. 2012) (dismissing for lack of subject matter jurisdiction an appeal from an order that was neither a final judgment nor an appealable interlocutory order). However, Father does not raise such a challenge on appeal.

[4] We note that Father's statement of facts section includes argumentative statements and conclusions, in violation of Indiana Appellate Rule 46(A)(6), which limits the statement of facts to a narrative description of the relevant facts stated in accordance with the appropriate standard of review. *See New v. Pers. Representative of Estate of New,* 938 N.E.2d 758, 765 (Ind. Ct. App. 2010) (statement of facts section of appellant's brief shall neither omit relevant facts nor contain subjective argument), *trans. denied.* Father is expected and required to follow Indiana Appellate Rules in filing his brief.

August 1, 2019. *Id*. at 3, 8. Following a hearing held on September 9, 2019, the trial court granted the State's motion to intervene in an order issued on September 11, 2019. *Appellant's App. Vol. 10* at 95. Father filed a motion to reconsider on September 12, 2019, an amended motion to reconsider on September 13, 2019, and on September 16, 2019, he filed a request that the trial court certify its order granting the motion to intervene for interlocutory appeal. *Id*. at 100, 105, 111. The trial court denied all of the motions by order on September 17, 2019. *Id*. at 117.

[5] On August 11, 2019, a petition for grandparent visitation was filed on behalf of Grandmother, who resides in Japan. *Id*. at 27. Also on August 11, 2019, Father filed a petition for modification of child custody, alleging that there had been a change in circumstances so substantial and continuing as to warrant a change in the custody order pursuant to Indiana Code section 31-17-2-21(a). *Id*. at 35-38. On August 28, 2019, the trial court issued a scheduling order for the hearing scheduled for September 9, 2019, in which it stated the court intended to address, among other things, the State's motion to intervene, preliminary questions concerning the petition for grandparent visitation, and the facilitation of parenting time. *Id*. at 64-65. After a motion to continue the hearing was filed by Father, the trial court issued another order, stating that it did not contemplate an evidentiary hearing occurring on September 9, 2019, and that if such a hearing becomes necessary, it will be reset at date and time convenient for all parties. *Id*. at 85.

[6] After the hearing was held on September 9, 2019, the trial court issued several orders on September 11, 2019. One order dismissed the petition for grandparent visitation, stating in pertinent part, the trial court "now determines that Father, who is an attorney licensed to practice in the State of New Jersey, acted as counsel for the paternal grandparents in connection with the filing of [the petition for grandparent visitation]" as well as other filings purported to be filed by Grandmother pro se. *Id*. at 93-94. The trial court further ordered that "[a]ll pleadings, filings, summonses, subpoenas and other documents pertaining [to] the issue of grandparent visitation are stricken" and Father was ordered "not to file any materials in this case on behalf of, or to advance the concerns of, any person other than himself without proper license and authorization." *Id*. at 94.

[7] The trial court issued another order on September 11 that dismissed Father's petition to modify custody without a hearing, stating that, subsequent to the entry of the dissolution decree, Father had filed "well over 100 motions, notices and the like . . . , including multiple motions to correct error, for new trial proceedings, appellate review and more, including a motion for selection of special judge ten . . . days after the entry of the [d]ecree, and continued filings, all aimed at reversing . . . the [d]ecree." *Id*. at 96-98. The trial court found that none of Father's stated reasons for changed circumstances "articulate[d] a sufficient basis, individually or in the aggregate, to consider Father's motion as viable" and that Father raised matters that occurred prior to the dissolution

hearing held on January 10, 2019 that should have been brought up at the hearing. *Id*. at 97. The trial court further found that "[n]one of the facts alleged by Father suggests that circumstances have so radically changed that it is now in the best interest of the child, only six months later, to remove him from Mother's custody to place him in Father's custody." *Id*. at 98.

[8] On September 12, 13, and 16, 2019, Father filed motions to reconsider the trial court's orders, and the trial court issued an order denying all of the motions on September 17, 2019. *Id*. at 100-01, 105-09, 111-14, 117. A motion to reconsider the dismissal of the petition for grandparent visitation was filed on September 23, 2019, which the trial court found deemed denied in an order issued on October 17, 2019. *Id*. at 118-20, 184-85. Father now appeals.

## Discussion and Decision

[9] We begin by noting that Mother has not filed an appellee's brief. When an appellee fails to file a brief, we need not undertake the burden of developing an argument on appellee's behalf. *C.V. v. C.R.*, 64 N.E.3d 850, 852 (Ind. Ct. App. 2016). Instead, applying a less stringent standard of review, we may reverse the trial court's judgment if the appellant can prove a case of *prima facie* error. *Id.* "*Prima facie* error in this context is defined as, 'at first sight, on first appearance, or on the face of it.'" *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006) (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).

Father argues that the trial court abused its discretion when it dismissed the motion for grandparent visitation and his petition to modify custody. He contends that the trial court abused its discretion in dismissing the motions because it did not give any serious consideration to the material evidence on his claims relating to a change in the factors concerning the best interests of the child. He asserts that the trial court ignored Mother's intentional violations of the November 2015 Consent Order and her violation of the February 5, 2019 decree. Father also claims that the trial court's dismissal of the motion for grandparent visitation and his petition to modify custody violated his and Grandmother's right of access to Indiana courts granted under the Indiana Constitution.

In its order dismissing the petition for grandparent visitation, the trial court stated, it "determines that Father, who is an attorney licensed to practice in the State of New Jersey, acted as counsel for the paternal grandparents in connection with the filing of [the petition for grandparent visitation]" as well as other filings purported to be filed by Grandmother pro se. *Appellant's App. Vol. 10* at 93-94. The trial court further ordered that "[a]ll pleadings, filings, summonses, subpoenas and other documents pertaining the issue of grandparent visitation are stricken" and Father was ordered "not to file any materials in this case on behalf of, or to advance the concerns of, any person other than himself without proper license and authorization." *Id*. at 94. Indiana courts have held that only persons duly admitted to practice law in this

state may appear on behalf of other persons. *In re the Estate of Rondinelli*, 692 N.E.2d 915, 918 (Ind. Ct. App. 1998), *trans. denied*. "Where a legal proceeding has been instituted on behalf of another in a court of record by one not licensed to practice law, the action should be dismissed." *Id.* The trial court did not abuse its discretion in dismissing the motion because it was clear that Father, not being licensed to practice law in Indiana, was filing pleadings on behalf of Grandmother. Further, Grandmother's access to Indiana courts was not violated as she is free to obtain an Indiana attorney to represent her interests and seek relief.

[12] In its order dismissing Father's petition for custody modification, the trial court stated that, since the decree was issued, Father had filed "over 100 motions, notices . . . , including multiple motions to correct error, for new trial proceedings, appellate review and more, including a motion for selection of special judge . . ., all aimed at reversing . . . the [d]ecree." *Id*. at 96-98. The trial court found that none of Father's stated reasons concerning changed circumstances in his petition "articulate[d] a sufficient basis, individually or in the aggregate, to consider Father's motion as viable" and that Father raised matters that occurred prior to the dissolution hearing that should have been brought up at the hearing. *Id*. at 97. The trial court further found that "[n]one of the facts alleged by Father suggests that circumstances have so radically changed that it is now in the best interest of the child, only six months later, to

remove him from Mother's custody to place him in Father's custody." *Id.* at 98.

[13] We agree with the trial court's findings and order. A party seeking modification of custody bears the burden of demonstrating that the existing arrangement is no longer in the best interests of the child and that there has been a substantial change in one or more of the enumerated statutory factors. *Bailey v. Bailey*, 7 N.E.3d 340, 343 (Ind. Ct. App. 2014). We review custody modifications for an abuse of discretion and must grant latitude and deference to trial courts in family law matters. *Id.*

[14] Most of Father's stated reasons for changed circumstances focus on Mother's alleged violation of the Consent Order, which was issued in November 2015, several years before the decree was issued on February 5, 2019. Father's main contentions for circumstances that have occurred since the decree was issued concern his claim that Mother has refused his requests that the child be allowed to visit Japan and the alleged failure of Mother to teach Japanese language and culture to the child. The decree did not obligate Mother to allow the child to visit Japan, but instead, stated, "Mother shall be reasonable in responding to a request to allow the child to travel to Japan to visit extended family." *Appellant's App. Vol. 2* at 57. We agree with the trial court's reasoning that Mother's decision to not allow the then-four-year-old child to travel to Japan was not a sufficient basis to modify child custody or to conduct a hearing on Father's request. None of the facts alleged by Father in his petition suggested

that circumstances had so significantly changed that it was in the best interest of the child, only six months after the decree was issued, to remove child from Mother's custody.  Further, the trial court's dismissal of Father's petition did not violate his right to access to Indiana courts.  Nothing in the order stops Father from filing future petitions with legitimate allegations of changed circumstances.[5]  We, therefore, conclude that the trial court did not abuse its discretion when it dismissed both the motion for grandparent visitation and Father's petition to modify child custody.[6]

[15]    Affirmed.

Najam, J., and Brown, J., concur.

---

[5] Far from being denied access to Indiana courts, Father has filed over a hundred pleadings with the trial court, sometimes filing daily pleadings, and has had the opportunity to appear in front of the court, both in person and telephonically, and has received responses and rulings on his pleadings.  At the September 9, 2019 hearing on pending motions, the trial court stated that the enormity and frequency of Father's filings was becoming "abusive" and that the parties should be more "temperate."  *Tr. Vol. II* at 37.  Although Father asserts that he has been denied access to Indiana courts, it appears he is actually just displeased that he has not received his desired outcome.

[6] Father also raises an issue that the trial court abused its discretion in dismissing these motions because it failed to provide reasonable notice of the September 9, 2019 hearing.  However, the scheduling order for the hearing scheduled for September 9, 2019 stated the court intended to address, among other things, preliminary questions concerning the petition for grandparent visitation and the facilitation of parenting time.  *Appellant's App. Vol. 10* at 64-65.  After Father filed a motion to continue the hearing because he needed more time to prepare, the trial court issued another order, stating that it did not contemplate an evidentiary hearing occurring on September 9, 2019, and that if such a hearing becomes necessary, the hearing would be reset at a date and time convenient for all parties.  *Id.* at 66, 85.  Thereafter, the trial court dismissed the motions without a hearing.  *Id.* at 93-94, 96-98.  We, therefore, conclude that the trial court did not abuse its discretion because Father is incorrect in his assertion that there was a failure to provide him with reasonable notice of the September 9, 2019 hearing.