Richard ADCOCK, Appellant,

v.

STATE of Indiana, Appellee.

No. 281S43.

Supreme Court of Indiana.

July 2, 1982.

Harriette Bailey Conn, Public Defender, Paul E. Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant was indicted for first degree murder in March, 1975, in the killing of his wife. After initially entering a special plea of insanity, he entered into a plea agreement with the State in which he agreed to plead guilty to second degree murder and receive a sentence of fifteen to

twenty-five years' imprisonment. The court accepted the plea and imposed the agreed-upon sentence. Petitioner then filed a petition for post-conviction remedy, later amended, which was denied. The amended petition, seeking withdrawal of the guilty plea, alleged that at the time of the guilty plea hearing he was not competent to enter a plea; and that his plea was not made voluntarily and that he was misled by certain statements by the court and was not properly advised that he could be found not guilty if he exercised his right to a trial.

The appeal raises three issues: (1) whether the post-conviction remedy court erred in determining that the plea was entered voluntarily and intelligently in light of evidence that the petitioner suffered from a serious mental illness at the time he entered the plea of guilty; (2) whether the post-conviction remedy court erred in determining that the plea was voluntary in light of evidence elicited at the guilty plea and sentencing hearing that the petitioner was insane at the time he killed his wife; (3) whether the post-conviction remedy court erred in finding that the petitioner was properly advised by the court in the guilty plea hearing in light of the sentencing court's failure to address him to inquire whether any promises, force, or threats were used to obtain the plea.

### I.

The argument supporting the first claim centers on part of the evidence presented at the post-conviction remedy hearing which the petitioner claims proves that he was suffering from a serious mental illness at the time of the plea and therefore was incapable of entering the plea knowingly and intelligently. The evidence includes reports made by a psychologist and a psychiatrist hired by the defense to evaluate whether the defendant was competent to stand trial, at a point in the criminal proceedings before the plea agreement was arranged and the petitioner's special plea of insanity had been entered. The psychiatrist's report concluded with the opinion that the petitioner was "unable to truly appreciate the nature of the charges against him or actually assist in his own defense." The evidence also included a transcript of the guilty plea hearing which shows that the petitioner told the trial court judge that he was not guilty of second degree murder and that God had forced him to kill his wife. Also included was a psychiatric report on the petitioner, prepared after his commitment to the Department of Corrections, by the Reception and Diagnostic Center. The report concluded that the petitioner had been "suffering from serious mental symptoms for very many years," and was schizophrenic.

There was, however, evidence presented at the post-conviction remedy hearing which tended to support the inference that appellant was not suffering from an incapacitating mental illness at the time his plea was offered. From the record of the plea proceeding it was shown that appellant was accompanied at the time by his attorney, that he was satisfied with his attorney's help, that he understood the charges against him, and that he gave a detailed description of events at the time of the crime. His attorney was asked by the court whether the plea was the proper course of action for appellant and he replied:

"I believe I have given an affirmative answer to the question, and I indicated that I believe we should. He was competent in his discussions with me as to these matters as to the facts in the case, and alternatives available, and he did freely, intelligently, and voluntarily enter into the plea agreement."

The evidence at the post-conviction relief hearing also included the determination of the trial judge that appellant had been competent to stand trial some months before the plea was given.

In a proceeding for post-conviction relief, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of witnesses. *Turman v.*

*State*, (1979) Ind., 392 N.E.2d 483. On appeal from an adverse judgment, the petitioner must demonstrate that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215, 1216.

■ Petitioner claims that, "faced with evidence that he was psychotic, schizophrenic, and had suffered from serious mental illness for many years, the trial court could reasonably conclude ... only that the guilty plea was not voluntarily and intelligently given." The evidence of a disabling mental illness was in conflict with facts and competing inferences that at the time the plea was made petitioner had a complete awareness of events and their significance and had the capacity to weigh the alternatives available and was not suffering from an incapacitating mental illness. Petitioner cannot prevail on this appellate claim, for the evidence as a whole did not lead unerringly and unmistakably to a decision in his favor.

Petitioner argues that the court gave undue weight to the competency determination in concluding that the guilty plea was made voluntarily, since the question of competency to stand trial is fundamentally different from the question of whether a defendant can freely and intelligently plead guilty. We believe that the trial court correctly gave significant weight to that determination, but not deem it dispositive. The findings of fact indicate that he also gave significant weight to other factors. We are satisfied that the court did not err in this regard.

## II.

■ The next claim is that the trial court erred in determining that the guilty plea was made voluntarily because evidence adduced at the time of the guilty plea showed that the petitioner was insane at the time he committed the shooting.

The petitioner contends that because the evidence conclusively shows that he was insane at the time of the shooting, there could be no factual basis for accepting the plea of guilty to the charge of second degree murder. He argues that a factual basis for guilt is incompatible with his uncontradicted statements at the plea hearing: "No way was the murder premeditated. I don't believe I'm guilty of second degree," and "I don't actually believe I was in full control of myself. I have had two talks with God and I strictly believe he is the one that forced me to commit this crime...." There was, he claims, no evidence establishing the *mens rea* elements of second degree murder. The statute provided in pertinent part:

"Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree." Ind.Code § 35–1–54–1 (repealed 1977).

The statement about lack of premeditation is not incompatible with a conviction for second degree murder, and there was other testimony from the petitioner which provided the factual basis from which the elements of second degree murder could be inferred. The petitioner told the judge that he was talking to his estranged wife about his visitation rights with his son when the conversation became heated and he reached into his car, took out a gun, aimed it at her, and pulled the trigger. In addition, the prosecuting attorney read into the record the probable cause affidavit for the arrest of the petitioner which recited that a witness heard shots outside her house and observed the petitioner chasing the victim and firing a rifle in her direction, and that the witness saw the victim fall to the ground. The affidavit also recited that shortly after the shooting the petitioner entered police headquarters, placed the rifle on a counter, and voluntarily and spontaneously stated that he had shot his wife and thought she was dead. Both malice and purpose may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death. *Henson v. State*, (1979) Ind., 392 N.E.2d 478. From the evidence at the guilty plea hearing, there was sufficient evidence to establish the factual basis of the crime

charged. The petitioner does not meet his burden on appeal to establish that the post conviction relief court erred in rejecting the claim of involuntariness based on his asserted insanity at the time of the crime.

### III.

■ Finally the petitioner argues that the post-conviction relief court erred in concluding that he was properly advised, prior to the acceptance of the guilty plea, in that the court failed to address him and inquire whether any promises, force, or threats were used to obtain the plea, as required by Ind.Code § 35–4.1–1–4. This issue was not presented in the petition. The petition asserted as a ground for vacating the conviction that the plea of guilty was not made voluntarily in that the petitioner was misled by certain statements by the court. In support of that ground, the petitioner alleged only that the court did not advise him that if he had a trial by jury, he could be found not guilty or that if a jury found him guilty of second degree murder the penalty would still be assessed by the judge. The issue was not pursued at the hearing, either. The post-conviction relief court is required to "make specific findings of fact, and conclusions of law *on all issues presented.*" (Emphasis added.) Ind.R.P.C. 1, § 6. Since the issue was not presented, and therefore no finding was made, there is nothing for us to review.

The judgment of the court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.