George Lee HOWELL, Sr., Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 882S313.

Supreme Court of Indiana.

Sept. 20, 1983.

See also, Ind., 413 N.E.2d 225.

Susan K. Carpenter, Public Defender, Frances Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, George Lee Howell, Sr., is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of child molesting and criminal confinement and was sentenced to terms of imprisonment of twenty years and five years. His conviction was affirmed by this Court in *Howell v. State,* (1980) Ind., 413 N.E.2d 225. He now raises four issues in this petition:

1. Whether he was denied effective assistance of counsel;

2. Whether the trial court erred in refusing to grant a new trial as a result of juror misconduct;

3. Whether the trial court erred in failing to find that the conviction was obtained with perjured testimony, that certain statements had been obtained in violation of his *Miranda* rights, and that, therefore, the conviction should be reversed; and

4. Whether the trial as a whole was fundamentally unfair and a denial of due process.

A summary of the facts relevant to these issues shows that at petitioner's original trial in 1979, he was convicted of molesting an eight year old girl. There was testimony from the victim about the assault and testimony from her parents, a police officer, and a doctor about her condition after the assault which corroborated the fact that she had been assaulted. Two police officers testified that defendant admitted to them that he thought he had committed the crime and told them that when he drank, he had abnormal sexual feelings towards smaller children. The only defense presented by defendant was that he had been drinking heavily the day of the incident and did not remember anything about the night when the assault occurred after he had stopped to buy some beer.

At the post-conviction hearing defendant alleged that he was denied effective assistance of counsel because his trial counsel had failed to call any expert witnesses to discuss alcoholically induced black-outs and had failed to discuss the issues to be raised on appeal with him. Petitioner's trial attorney testified at length and answered each of these allegations. Other witnesses testified in support of and against petitioner's other claims of error. After a consideration of the record of the trial and the testimony heard at the post-conviction relief hearing, the trial court determined that the petitioner's claims of error were not supported by the evidence and were without merit. The trial court accordingly denied the petition for post-conviction relief.

I.

Petitioner first contends that he was denied his right to effective assistance of counsel. Under our standard of review for post-conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Henson v. State,* (1982) Ind., 436 N.E.2d 79; *Laird v. State,* (1979) 270 Ind. 323, 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State,* (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984.

Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Rinard v. State,* (1979) 271 Ind. 588, 394 N.E.2d 160; *Jones v. State,* (1978) 270 Ind. 141, 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case; the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State,* (1979) 271 Ind. 534, 394 N.E.2d 115; *Cottingham v. State,* 269 Ind. at 263, 379 N.E.2d 984. This Court will not speculate as to what may have been the most advan-

tageous strategy in a particular case. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective counsel. *Hollon v. State,* (1980) Ind., 398 N.E.2d 1273; *Smith v. State,* (1979) Ind., 396 N.E.2d 898; *Crisp v. State,* 271 Ind. at 536, 394 N.E.2d at 119.

 In this case, defendant alleges that his court-appointed trial counsel was ineffective because he failed to subpoena expert witnesses to discuss alcoholically induced black-outs in order to establish a reasonable doubt as to defendant's intent to commit the crime. However, the attorney testified that he had spoken to at least two different experts and that they told him that based upon the facts of this case, they would not be able to help him. He stated that the experts led him to believe that their testimony about alcoholically induced black-outs would have been detrimental to the defense. The post-conviction court was not obligated to believe the defendant's unsubstantiated assertions of what an absent witness would have testified to. *Popplewell v. State,* (1981) Ind., 428 N.E.2d 15.

Defendant next alleges that his attorney's defense on his behalf was "half-hearted" after the trial court rejected the plea agreement. The court stated that it had to reject the agreement because defendant could not state that he remembered committing the acts. At the post-conviction hearing, the attorney said he was irritated when the plea bargain was rejected because he felt it was an excellent agreement but that did not affect how he would try the case. A careful examination of the record shows that trial counsel conducted a vigorous defense for defendant.

Counsel was an experienced attorney with an active defense practice. He filed numerous pretrial motions for defendant, negotiated the proposed plea agreement, subpoenaed witnesses, tendered instructions, raised numerous objections, and vigorously cross-examined the state's witnesses. He moved to suppress certain of defendant's statements and this motion was granted. The attorney preserved numerous issues for appeal including one issue which

this Court agreed was error, but which was found to be harmless given the overwhelming evidence of the defendant's guilt. *Howell v. State,* 413 N.E.2d at 226. He testified at the post-conviction hearing that he did discuss the issues to be raised on appeal with defendant and did not recollect that defendant ever indicated there were issues he wanted raised which were not raised.

The record shows that petitioner's trial attorney was well prepared for the trial and had an informed basis for making his trial strategy decisions. As a reviewing court, we cannot second-guess these decisions. The record does not show that the trial as a whole was a mockery of justice or that defendant was denied adequate legal representation. There was sufficient evidence to support the trial court's decision that petitioner was not denied effective assistance of counsel.

## II.

Defendant next contends that the trial court erred in failing to grant a new trial as a result of juror misconduct. Two witnesses for petitioner testified that on the morning of jury selection they heard one of the prospective jurors state that if she were selected for the jury she would find defendant guilty. Both witnesses claimed to have related this information to trial counsel before trial. Although this prospective juror was ultimately selected to serve, it was stipulated at the post-conviction hearing that during *voir dire,* this juror indicated that she would be able to grant defendant the presumption of innocence. Defendant's attorney testified that he had no conversation with any person concerning anything any potential juror had said. He testified that if anyone had related any such information to him, he would have asked for a recess and asked the judge to question the juror in chambers as he had done many times in other trials. Both witnesses at the post-conviction hearing admitted being friends of defendant and one of the witnesses was apparently deaf and almost blind. The trial court found that defend-

ant's witnesses were "not convincing" and denied the motion for mistrial on this issue.

It is well established that in a post-conviction proceeding, the trial judge is the sole judge of the weight of the evidence and the credibility of witnesses. *Adcock v. State,* (1982) Ind., 436 N.E.2d 799. In this case, there was some conflicting testimony but the evidence as a whole does not lead unerringly and unmistakably to a decision in defendant's favor. There was no error here.

### III.

Defendant next contends that his conviction was obtained with perjured testimony and that certain statements he gave to the police had been made before he was advised of his *Miranda* rights. Petitioner specifically alleges that one of the police officers committed perjury when he claimed that petitioner told him he had abnormal sexual feelings toward children when he drank, that petitioner thought he had committed the crime, and that petitioner said he needed psychiatric help and needed to be taken off the streets. Petitioner also alleges that the prosecutor conspired with the arresting officers to elicit the perjured testimony because she relied upon the police reports in preparing her case and elicited the testimony at trial. He further claims that he was not given his *Miranda* rights before he made the statements to the police.

However, the record shows that both police officers who were present when petitioner made the statements testified that he was read his rights first. One of the officers testified that the first statement petitioner made after being advised of his rights was to waive them. Petitioner himself gave some conflicting testimony since on cross-examination he stated he could not truthfully say he was not read his rights. The post-conviction court found that this issue was without merit and we agree that petitioner has not met his burden of proof on this issue.

Petitioner alleges that one of the police officers, Walter Stewart, committed perjury during the trial when he related the statements petitioner had made to him. However, the other police officer, Mark Dickman, who was present when petitioner gave the statements also testified at the trial and defendant does not allege that his testimony was perjured. Dickman's testimony was substantially the same as Stewart's. Although he did not testify about any remark concerning abnormal sexual feelings toward children, he did testify that petitioner said he thought he had committed the crime, that petitioner showed them the spot in the weeds where he had taken the victim, and that petitioner told them he needed help. Furthermore, the prosecutor testified at the post-conviction hearing that she had no reason to believe the police officers' testimony was not true and that she had never known Stewart to give false information. She also testified that she had not told any witness what to say at trial. From this record, it is clear that petitioner has not proved that the officers committed perjury. We find no error here.

### IV.

Petitioner finally argues that the trial as a whole was fundamentally unfair because of his trial counsel's failure to present an adequate defense on intoxication, the juror misconduct, the introduction of highly prejudicial testimony, and the perjured testimony. We have considered each of these claims of error here or in petitioner's direct appeal and found that there was no error or that any error was harmless due to the overwhelming evidence presented which supported the original finding of guilt. We have now also carefully examined the record on the issue of the competency of trial counsel. We find that petitioner was given a fair trial, which was not a mockery of justice, and was represented by competent counsel.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.