William BUTLER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A05–9409–CR–353.

Court of Appeals of Indiana.

June 26, 1996.

Karen I. Brogan, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, James A. Joven, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

William Butler appeals from his convictions for two counts of Dealing in Cocaine, as Class A felonies. Following a jury trial, the trial court sentenced Butler to 30 years imprisonment.

We reverse and remand for a new trial.

### ISSUE

Butler presents several issues for our review; however, because we reverse and remand, we need only address whether Butler received the effective assistance of trial counsel.

### FACTS

On December 5, 1991, the State charged Butler by information with two counts of dealing in cocaine as Class A felonies. During trial on those charges, Butler was represented by an Illinois attorney, George C. Howard. That trial resulted in a hung jury and the court declared a mistrial on August 17, 1992. A second trial was held and Butler was again represented by Howard. The jury found Butler guilty on both counts. Although Howard was licensed to practice law in Illinois, at no time during the proceedings was Howard licensed to practice law in Indiana nor was he admitted to practice *pro hac vice* or otherwise in accordance with the rules promulgated by our supreme court. At the time of trial, Butler was unaware that his

counsel was not licensed in Indiana.[1] Butler claims ineffective assistance of counsel on those grounds.

## DISCUSSION AND DECISION

 Butler contends that he was denied the effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution. In analyzing claims of ineffective assistance of counsel, we use the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on an ineffective assistance claim, a defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind.1992). Generally, to demonstrate that he was deprived of a fair trial, a defendant must affirmatively prove that he was prejudiced by his counsel's conduct by showing there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Wooden v. State*, 657 N.E.2d 109, 111–12 (Ind.1995). However, in certain situations prejudice will be presumed. *Id.* On the facts of this case we conclude that Butler's counsel's performance fell below an objective standard of reasonableness. We will presume that Butler suffered prejudice and hold as a matter of law that the conduct of counsel in question was ineffective assistance of counsel *per se*.

 Our supreme court has provided that a member of the Bar of another state may be admitted to practice in an Indiana trial court *pro hac vice*.[2] Indiana Admission and Discipline Rule 3 provides that in the trial court's sole discretion, an attorney not licensed in Indiana may appear in a particular proceeding for a temporary period only if "said attorney appears with local Indiana counsel after petitioning the trial court for the courtesy and disclosing in said petition all pending causes in Indiana in which said attorney has been permitted to appear."[3] Further, local Indiana counsel "shall sign all briefs, papers and pleadings in such cause and shall be jointly responsible therefor." Admis.Disc.R. 3. Absent leave of the court, an attorney not licensed to practice law in Indiana may neither enter an appearance on behalf of a client nor file any briefs, papers or pleadings without the aid of local counsel. *Pro–Lam, Inc. v. B & R. Enterprises*, 651 N.E.2d 1153, 1156 (Ind.Ct.App.1995).

 This court has held that only persons duly admitted to practice law in this state may appear on behalf of other persons. *Simmons v. Carter*, 576 N.E.2d 1278, 1279 (Ind.Ct.App.1991). Where a legal proceeding has been instituted on behalf of another in a court of record by one not licensed to practice law, the action should be dismissed, and if the suit has proceeded to judgment, the judgment is void. *Id.* at 1280. Although *Simmons* involved a non-lawyer representing a civil client, we see no reason to apply a different standard where, as here, an attorney not licensed to practice law in Indiana, although licensed elsewhere, appears and purports to represent a criminal defendant at trial. Our supreme court could not have been more clear when it drafted Admission and Discipline Rule 3 to provide that an out-of-state attorney may practice in Indiana for a temporary period, but *only* after petitioning the court for the courtesy, and that the out-of-state attorney must at all times work jointly with local counsel.

Here, Howard was not licensed to practice law in Indiana. He neither petitioned the LaPorte Superior Court for leave to practice before the court nor procured the assistance

**1.** The State does not dispute Butler's contention that he did not know that Howard was not licensed to practice law in Indiana.

**2.** For this turn; for this one particular occasion. *Black's Law Dictionary* 1212 (6th ed. 1990).

**3.** Such appearances in one state by an attorney licensed to practice in another state are generally permitted as a matter of comity, incident to the disposition of a particular matter isolated from his or her usual practice in the state of his or her residence. *Matter of Fletcher*, 655 N.E.2d 58, 59 n. 1 (Ind.1995) (citing *Attorneys: revocation of state court pro hac vice admission* 64 A.L.R. 4th 1217 (1988)).

of local Indiana counsel. In addition, Howard never disclosed to the court all pending causes in Indiana in which he had been permitted to appear. Howard's failure to comply with Admission and Discipline Rule 3 rendered him without authority to appear and represent Butler in this case.

We are not persuaded by the State's contention that the trial court somehow "recognized" Howard's authority to practice law in Indiana because it failed to challenge his authority and allowed him to represent Butler in two separate trials. It is not a trial court's duty to inquire whether one who purports to have authority to practice before the court is actually authorized to practice law in Indiana. *Pro–Lam*, 651 N.E.2d at 1158. The burden is on the out-of-state attorney to ensure that he has obtained the necessary authorization in accordance with the rules promulgated by our supreme court. *Id.* (citing *Fruin v. Northwestern Medical Faculty Found.*, 194 Ill.App.3d 1061, 141 Ill.Dec. 667, 669, 551 N.E.2d 1010, 1012 (1990)).

Generally, counsel is presumed competent, and a defendant must present strong and convincing evidence to rebut that presumption. *Barany v. State*, 658 N.E.2d 60, 65 (Ind.1995). However, implicit in the concept of competent representation is that counsel be licensed to practice in the forum state or otherwise duly authorized to practice in the particular case. The absence of such license or authority strips away the presumption of competence, and the defendant need not show prejudice.

It is of no consequence that Howard was licensed to practice law in Illinois. Having neither been licensed to practice in Indiana nor authorized to appear in the instant case, Howard was *per se* incapable of providing an Indiana criminal defendant with his constitutional right to the effective assistance of counsel.[4] Moreover, in failing to comply with Admission and Discipline Rule 3, Howard engaged in the unauthorized practice of law in this state and is subject to the disciplinary

jurisdiction of our supreme court. *Matter of Fletcher*, 655 N.E.2d 58, 61 (Ind.1995).

Butler was denied the effective assistance of trial counsel. Thus, we reverse his convictions and remand for a new trial.

Reversed and remanded for a new trial.

BARTEAU and FRIEDLANDER, JJ., concur.

---

4. A different case would be presented if there was evidence of collusion between the defendant and his counsel in which the defendant was aware of his counsel's unauthorized status and yet proceeded to trial with that knowledge. Such action would be invited error and would, in effect, result in the waiver of a claim of ineffective assistance on those grounds.