Ronald L. TALLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 89A05–0004–CR–172.

Court of Appeals of Indiana.

Oct. 16, 2000.

Ronald J. Moore, Richmond, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

ROBB, Judge

*Case Summary*

Ronald Talley appeals his conviction for possession of cocaine, a Class B felony, following his jury trial. We affirm.

*Issues*

Talley raises two issues for our review which we restate as:

1. Whether the trial court committed reversible error when it allowed jurors to separate during voir dire; and

2. Whether Talley was denied effective assistance of counsel.

*Facts and Procedural History*[1]

Talley was arrested and charged with possession of cocaine, a Class B felony. During voir dire, the trial court excused some of the jurors that had been selected for ten or fifteen minutes and instructed them not to discuss the case. Talley was represented by an out-of-state attorney, John Holden, who filed a motion to appear pro hac vice and appeared with local counsel. At his jury trial, Talley was found guilty as charged. He now appeals.

*Discussion and Decision*

I. *Separation of Jurors*

Talley argues that the trial court committed fundamental, reversible error when it allowed members of the jury to separate while other prospective jurors were still being questioned and selected. He asserts that the separation excluded some jurors from an informational process that could

---

1. We remind counsel for both parties that we require "[a] statement of the facts *relevant to the issues presented for review,* with appropriate references to the record." Ind. Appellate Rule 8.3(A)(5) (emphasis added). Both parties neglected to add any facts with respect to the jurors and the voir dire process or the ineffective assistance of counsel claim. Neither issue presented for review had anything to do with the facts of why, where, or how Talley was arrested, and those were the only facts supplied by the parties. We caution counsel to comply with all appellate rules in future briefs before this court. Because the record is only available to the writing judge, "[b]riefs should be prepared so that each judge, considering the brief alone and independent of the record, can intelligently consider and decide each issue presented. The brief must be prepared so that all questions can be determined from an examination of the brief alone...." *Paulson v. Centier Bank,* 704 N.E.2d 482, n. 2 (Ind.Ct.App.1998), *trans. denied.*

ultimately result in troublesome views which would result in an unfair trial and that the failure to maintain control over the jurors allows for the possibility of outside influence.

■ Here, Talley failed to object when the trial court provided the jurors with a recess and allowed them to separate from the voir dire process. Failure to object to alleged error results in waiver and precludes appellate review. *Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind.2000). However, waiver can be avoided if the claimed error is fundamental in nature. *Wiggins v. State,* 727 N.E.2d 1, 10 (Ind.Ct. App.2000), *trans. denied.*

■ The fundamental error exception to waiver is extremely narrow and is available "only when the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied." *Landis v. State,* 726 N.E.2d 801, 805 (Ind. Ct.App.2000). "In order to constitute fundamental error, the error must prejudice the rights of a defendant to such an extent that it makes a fair trial impossible." *Id.*

■ A trial court has broad discretion in controlling the voir dire of prospective jurors. *Lowery v. State,* 478 N.E.2d 1214, 1221 (Ind.1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). Talley argues that regardless of this discretion, his right to a fair trial was impinged upon by allowing the jury to separate during voir dire. However, prior to trial, a "defendant is not entitled to have the jury sequestered, and an admonishment by the court 'neither to view or listen to media coverage nor discuss the case with others' suffices until the trial begins." *Timberlake v. State,* 690 N.E.2d 243, 262 (Ind.1997), *cert. denied,* 525 U.S. 1073, 119

S.Ct. 808, 142 L.Ed.2d 668 (1999) (citation omitted) (holding that in a capital case, the trial court must grant a motion to sequester the jury during trial, but prior, there is no right to keep the jury together).

■ Here, prior to Talley's trial, the trial court allowed jurors who had already been selected to recess from the group for "ten or fifteen minutes" to call an employer or family member to "tell them where you are going to be today and tomorrow." R. 186. However, they were allowed to leave only after the trial court instructed them not to "talk about the case, don't let anybody discuss it in your presence. You can tell people you're going to be in a jury trial ... but don't talk about the details of the case...." *Id.*

The jurors were instructed not to speak about the trial and not to let anyone talk about it in their presence. Although the better procedure would have been to keep the entire panel together, Talley has failed to demonstrate how he was prejudiced by the separation. There is no indication that Talley was not afforded a fair trial merely because jurors, prior to trial, and prior to being sworn, were away from the voir dire process. The jurors were properly admonished prior to the recess, there was no prejudice, and no resulting fundamental error.

## II. *Ineffective Assistance of Counsel*

Talley further argues that he was denied effective assistance of counsel. He asserts that his out-of state counsel, Holden, who moved to be admitted pro hac vice, did not comply with requirements of Indiana Admission and Discipline Rule 3(2)(b) and (c); specifically, the requirements that deal with notice of pro hac vice status and the payment of the registration fee.[2] There-

2. Despite Talley's assertion that Holden did not meet these requirements, the record is devoid of any evidence to support his claims. The State does concede in its brief, however, that Holden failed to follow up on his motion to appear pro hac vice. A point of note, however, is that the Official Commentary

which follows Rule 3 states that if the attorney appearing pro hac vice pays his fee in any calendar year, there is no need for that attorney to pay another fee for any other case in which the attorney may be appearing pro hac vice during that same calendar year. Here, we are presented with no evidence as to

fore, Talley argues that Holden's performance was per se deficient because his counsel was not admitted to practice law in the state of Indiana.

A successful claim of ineffective assistance of counsel has two components. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lawrence v. State,* 464 N.E.2d 1291, 1294 (Ind.1984). First, the defendant must show that his counsel's performance was deficient, that is, that counsel's performance fell below an objective standard of reasonableness. *Taylor v. State,* 659 N.E.2d 1054, 1061 (Ind.Ct.App.1995), *trans. denied.* Second, the defendant must show that the deficient performance prejudiced the defense, that is, that but for counsel's deficient performance, the result of the proceedings would have been different. *Id.*

■ In reviewing the competency of counsel, there is a presumption that counsel is competent. *Howell v. State,* 453 N.E.2d 241, 242 (Ind.1983). Strong and convincing evidence is required to rebut this presumption. *Id.* Whether counsel was incompetent revolves around the facts of each case. *Id.* The reviewing court will not speculate as to what may have been the most advantageous strategy in a particular case. *Id.* at 242–43. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective assistance of counsel. *Id.* at 243. The judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. *Slaton v. State,* 510 N.E.2d 1343, 1345 (Ind.1987), *cert. denied,* 506 U.S. 921, 113 S.Ct. 337, 121 L.Ed.2d 254 (1992).

■ In determining whether counsel was deficient, it is necessary to only discuss one component of the *Strickland* test if one or the other can be disposed of. The two prongs of the test are separate and independent inquiries; therefore, if it

is easier to dispose of an ineffectiveness claim on one of the grounds instead of the other, that course should be followed. *See Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). However, because Talley failed to demonstrate either prong, his claim must fail.

Talley claims that Holden, his counsel, was not admitted to practice law in the state of Indiana and that although "the Notice of Pro Hac Vice Status and Registration Fee requirements were not required prior to the trial date ... that he has been deprived his right to effective assistance of counsel by [his counsel's] failure to complete his obligations pursuant to Admis. Disc. R 3 after trial." Brief of Appellant at 13–14.

■ Talley claims that a failure to abide by the Admission and Disciplinary Rules "is per se ineffective assistance of counsel and warrants mandatory reversal" by relying on *Butler v. State,* 668 N.E.2d 266, 269 (Ind.Ct.App.1996). In *Butler,* a defendant was represented by an attorney from Illinois, who was not licensed to practice in Indiana, did not petition the trial court to practice pro hac vice, did not procure the assistance of Indiana counsel, and did not inform his client that he was not licensed to practice in Indiana. Under those circumstances we held that such conduct by counsel was "ineffective assistance of counsel per se." *Id.* at 268. Further, we stated that the absence of a license or authority to practice in a particular case "strips away the presumption of competence, and that the defendant need not show prejudice." *Id.* at 269.

First, although *Butler* states that the absence of being properly admitted to practice in Indiana results in per se ineffective assistance of counsel, the *Butler* case is distinguishable because Talley was represented both by an attorney from out-of-state and co-counsel, Ronald Moore,

---

whether Holden had previously paid the fee due or not. As such, he may have paid the

fee in a prior case and there was no need for him to remit any additional payment.

who was licensed to practice in Indiana. Further, Holden filed a motion to appear pro hac vice with the trial court. Given the factual situation presented here, *Butler* is distinguishable.

■ Second, we note that counsel representing Talley on appeal, Moore, is the same counsel who represented Talley as local co-counsel at trial. With respect to this relationship, if Moore was aware of Holden's failure to be properly admitted pro hac vice, at the time, he should have objected to out-of-state counsel's failure to meet the requirements necessary to become licensed in Indiana on Talley's behalf. Failure to object to alleged error results in waiver of the issue on appeal. *See Mitchell,* 726 N.E.2d at 1235. Waiver notwithstanding, we have addressed Talley's claim.

■ However, with respect to Moore's relationship to this case, his argument about Holden's ineffectiveness appears to be inappropriate given the circumstances of his involvement in the case. Moore signed all documents before the court and was present at trial and sentencing. Clearly, Moore was involved with the case at trial. Therefore, essentially, Moore's failure to assist Holden in properly meeting all of the requirements necessary for pro hac vice status is a reflection on his effectiveness as counsel as well. Trial counsel cannot argue his own effectiveness on appeal. *Etienne v. State,* 716 N.E.2d 457, 463 (Ind.1999). Further, where more than one attorney is involved at trial, we consider the collective performance of the attorneys in determining effective assistance of counsel. *Woods v. State,* 701 N.E.2d 1208, 1227, n. 1 (Ind. 1998), *cert. denied,* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). As such, Moore should not be arguing his co-counsel's effectiveness, because his effectiveness is involved as well. Typically, we will not consider a claim of ineffective assistance of counsel presented on appeal by the same attorney who tried the case. *Etienne,* 716 N.E.2d at 463. Here, howev-

er, we have elected to fully discuss the issue.

Finally, Talley's argument is based solely on the assertion that because Holden was not licensed to practice in Indiana he did not provide effective assistance of counsel. He did not assert how Holden's assistance was ineffective or what type of prejudice he suffered as a result of ineffectiveness. Thus, Talley wholly failed to meet either the first or second prong of *Strickland.* Talley was afforded effective assistance of counsel.

### Conclusion

We hold that the trial court did not commit fundamental error when it allowed jurors to recess from the voir dire after they had been admonished. Further, Talley was not denied effective assistance of counsel. Accordingly, we conclude that there was no error.

Affirmed.

MATHIAS, J., and MATTINGLY, J., concur.