## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 28 2016, 5:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Albert Boyd
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Albert Boyd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 28, 2016

Court of Appeals Case No.
03A01-1602-PC-375

Appeal from the Bartholomew
Circuit Court

The Honorable Stephen R.
Heimann, Judge

Trial Court Cause No.
03C01-0809-PC-2155

**Robb, Judge.**

# Case Summary and Issues

[1] In 2006, Albert Boyd was convicted of murder and sentenced to sixty-two years in the Indiana Department of Correction. In 2008, Boyd began pursuing post-conviction relief. Boyd, pro se, now appeals the denial of his petition for relief, raising three issues for our review, which we restate as: 1) whether Boyd received ineffective assistance of trial counsel; 2) whether Boyd received ineffective assistance of appellate counsel; and 3) whether the post-conviction court abused its discretion in denying Boyd's motion to compel. Concluding Boyd did not receive ineffective assistance of trial or appellate counsel and the post-conviction court did not abuse its discretion in denying his motion to compel, we affirm the denial of his petition for post-conviction relief.

# Facts and Procedural History

[2] Around nine o'clock on the morning of January 31, 2006, Boyd approached his friend, Octavius Nolan, and his neighbor, Brian Christian and asked them to take him to the hospital. Boyd had attempted to commit suicide and was bleeding from his arm. On the way to the hospital, the men asked Boyd about his injuries and his wife Ruth. Boyd told them he had killed Ruth with a skillet. After leaving Boyd at the hospital, the two men returned to Boyd's home where they found Ruth's body on the kitchen floor. They called the police. After Boyd was released from the hospital, he requested to speak with Lieutenant Ruth Stillinger of the Columbus Police Department. The interview occurred at the Columbus Police Department and was videotaped. Lieutenant Stillinger

informed Boyd of his *Miranda* rights and he signed a waiver of those rights. During the interview, Boyd admitted he murdered his wife with a skillet.

[3] The State charged Boyd with murder and the case proceeded to a jury trial in August 2006. At the time of his trial, Boyd also faced a misdemeanor battery charge stemming from a physical altercation with his wife in April 2005. A trial had been scheduled for March 2006 on the battery charge; however, it was postponed until after his murder trial.

[4] At trial, the State desired to introduce evidence concerning Boyd's April 2005 battery allegation in his murder trial. Boyd's counsel filed a motion in limine seeking to exclude all evidence concerning the battery charge, including the charging information and probable cause affidavit, testimony from the arresting officers, and a taped statement from Ruth Boyd. However, the trial court denied his motion in limine, concluding the evidence was relevant and highly probative as to Boyd's motive. Further, the trial court found Boyd forfeited his right of confrontation against Ruth by making her unavailable to testify. At trial, Officers Eric Kapczynski and Russell Imlay testified without objection about Boyd's prior arrest for battery and the court records of that battery were admitted without objection. During Officer Imlay's testimony, the State offered into evidence a taped statement from Ruth concerning the April 2005 battery. Boyd's counsel renewed his objection to the admissibility of Ruth's taped statement, arguing it violated Boyd's right to confront the witness. The trial court overruled counsel's objection. Ultimately, the jury found Boyd guilty of

murder and the trial court sentenced him to sixty-two years in the Indiana Department of Correction.

[5] Boyd's trial counsel also represented him on direct appeal. On direct appeal, Boyd raised two issues: 1) whether the trial court erred in rejecting Boyd's tendered instruction on voluntary manslaughter; and 2) whether the trial court erred in admitting the victim's statement to police obtained during the investigation of a prior incident. We affirmed Boyd's conviction. *Boyd v. State*, No. 03A05-0609-CR-506 (Ind. Ct. App. June 20, 2007).

[6] In September 2008, Boyd filed a verified pro se petition for post-conviction relief. Boyd requested a State Public Defender be appointed to represent him, which the post-conviction court granted. In October 2010, the State Public Defender withdrew her appearance after consulting with Boyd and conducting an appropriate investigation. Boyd took no further action until 2015. On September 1, 2015, the post-conviction court ordered Boyd to show cause why his post-conviction petition should not be dismissed. Boyd then filed a motion to proceed by affidavit, which the post-conviction court granted. He submitted his affidavit in support of his petition for post-conviction relief on November 16, 2015. The State filed its response on December 1, 2015. On December 30, 2015, the post-conviction court entered findings of fact and conclusions of law denying Boyd's petition for post-conviction relief. Three weeks after the post-conviction court's denial of his petition, Boyd filed a motion to compel his trial counsel to produce a copy of his client file, which the post-conviction court denied. Boyd now appeals.

# Discussion and Decision

## I.  Post-Conviction Standard of Review

Post-conviction proceedings are not an opportunity for a super-appeal. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002).  Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules.  *Id.*  If not raised on direct appeal, a claim of ineffective assistance of counsel is properly presented in a post-conviction proceeding.  *Id.*  A claim of ineffective assistance of appellate counsel is also an appropriate issue for post-conviction review.  *Id.*  The petitioner must establish his claims by a preponderance of the evidence.  Ind. Post-Conviction Rule 1(5).

A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal.  *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001).  In reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment.  *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006).  We may not reweigh the evidence or reassess the credibility of the witnesses.  *See id.* at 468-69.  The post-conviction court's denial of post-conviction relief will be affirmed unless the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court."  *McCary v. State*, 761 N.E .2d 389, 391 (Ind. 2002).  Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion, will the court's findings or

conclusions be disturbed as being contrary to law. *Hall*, 849 N.E .2d at 469. Finally, we do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003).

## II. Ineffective Assistance of Trial Counsel

[9] Boyd asserts the post-conviction court erred in concluding his trial counsel was not ineffective and offers three arguments in support of his assertion. First, he argues trial counsel was ineffective for failing to object to the admission of Ruth's taped statement based on the United States Supreme Court's decision in *Giles v. California*, 554 U.S. 353 (2008). Second, he contends trial counsel should have objected to the testimony of Officers Eric Kapczynski and Russell Imlay, who testified about Boyd's prior arrest for battery. Finally, he argues trial counsel should have objected to the admission of court records concerning his battery.

[10] To establish ineffective assistance of counsel, Boyd must show 1) his counsel's performance was deficient, and 2) the lack of reasonable representation prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). These two prongs are separate and independent inquiries. *Manzano v. State*, 12 N.E.3d 321, 326 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 135 S.Ct. 2376 (2015). Therefore, "if it is easier to dispose of an ineffectiveness claim on one of the grounds instead of the other, that course should be followed." *Talley v. State*, 736 N.E.2d 766, 769 (Ind. Ct. App. 2000).

[11] As for the first component of ineffective assistance of counsel—counsel's performance—our supreme court has noted that "[c]ounsel is afforded considerable discretion in choosing strategy and tactics, and we will accord that decision deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Lambert v. State*, 743 N.E.2d 719, 730 (Ind. 2001) (citation and footnote omitted), *cert. denied*, 534 U.S. 1136 (2002).

[12] As for the second component—prejudice to the defendant—deficient performance of counsel is prejudicial when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## A. Ruth Boyd's Taped Statement

[13] In order to prove ineffective assistance of counsel due to the failure to object, a defendant must prove an objection would have been sustained if made and he was prejudiced by the failure. *Wrinkles v. State*, 749 N.E.2d 1179, 1192 (Ind. 2001), *cert. denied*, 535 U.S. 1019 (2002). Boyd's first argument is that trial counsel was ineffective for failing to object at trial to the admission of Ruth's taped statement concerning the April 2005 battery. Boyd is incorrect in asserting his trial counsel failed to object. Following the State's offer of Ruth's taped statement into evidence, Boyd's counsel stated,

> I would like to continue to make my objection that I made in the Motion in Limine about this statement and Mr. Boyd's unavailability to cross examine her (inaudible)…confrontational rights and all those issues that we raised with the Court before. I would like to reaffirm all of those objections at this point.

Transcript at 372. Further, Boyd argues counsel should have objected based on *Giles v. California*, 554 U.S. 353 (2008). In *Giles*, the Supreme Court clarified that the common-law doctrine of forfeiture by wrongdoing only applies when the defendant procured the witness's unavailability by conduct "*designed* to prevent a witness from testifying." *Giles*, 554 U.S. at 359 (emphasis in original). Boyd argues trial counsel should have objected on the grounds he did not murder his wife with the intent to prevent her from testifying at his murder trial; thus, her statement should have been excluded. However, Boyd's trial occurred in August 2006; the Supreme Court issued its decision in *Giles v. California* in June of 2008. To the extent Boyd argues trial counsel was ineffective for failing to object based upon a case that did not exist at the time of trial, we reject that argument. *See Sweeney v. State*, 886 N.E.2d 1, 8 (Ind. Ct. App. 2008) (noting counsel will not be deemed ineffective for not anticipating or initiating changes in the law), *trans. denied, cert. denied*, 555 U.S. 1003.

# B.  Police Testimony and Court Records

Next, Boyd argues trial counsel was ineffective for failing to object to the admission of police testimony and court records.[1]  Again, Boyd must first prove any objection by his trial counsel would have been sustained, and second, that he was prejudiced by the failure to object.  *Wrinkles*, 749 N.E.2d at 1192.  Prejudice is demonstrated by showing a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) the result of the proceeding would have been different.  *Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007).

Even if we assume any objection by trial counsel would have been sustained, Boyd has failed to show any prejudice.  The court records and police testimony both relate to his battery of Ruth in April 2005.  Even without the court records and testimony, the State produced overwhelming evidence he murdered Ruth, including his own confession.  *See Dickens v. State*, 997 N.E.2d 56, 66-67 (Ind. Ct. App. 2013) (finding no prejudice where State produced overwhelming evidence of defendant's guilt), *trans. denied*.  At trial, Octavius Nolan and Brian Christian, the men who drove Boyd to the hospital, both testified Boyd admitted to them he killed his wife with a skillet.  Further, the State introduced into evidence a taped confession from Boyd.  In sum, Boyd has not

---

[1] Boyd's brief does not specify what "court records" were admitted.  We believe Boyd refers to Exhibit 41.  Exhibit 41 contains certified records of Boyd's battery charge including the charging information, various orders and motions, and the Chronological Case Summary.

demonstrated a reasonable probability the result of the proceeding would have been different without the court records and officer testimony. Thus, we conclude Boyd cannot establish he suffered ineffective assistance of trial counsel. *See Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (providing a claim of ineffective assistance of counsel can be disposed of on either *Strickland* prong).

## III. Ineffective Assistance of Appellate Counsel

[16] Boyd also contends his appellate counsel rendered ineffective assistance on direct appeal. The standard for ineffective assistance of appellate counsel is the same standard as for trial counsel. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013). Boyd must show appellate counsel was deficient in his performance and the deficiency resulted in prejudice. *Id.* Appellate counsel is not ineffective for failing to raise issues that are unlikely to succeed. *Singleton v. State*, 889 N.E.2d 35, 41 (Ind. Ct. App. 2008).

[17] Boyd contends he received ineffective assistance because appellate counsel failed to challenge the admission of his taped confession into evidence. Specifically, he argues during the interview he made two unequivocal and unambiguous requests for an attorney during a custodial interrogation, requiring questioning to cease. *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981) (holding law enforcement officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during custodial interrogation). In the interview, Boyd stated, "Can I be saying this

without a lawyer?" and "I don't know if I should be saying stuff without a lawyer?" Tr. at 318, 327.

[18]    When evaluating a claimed deficiency in appellate representation due to an omission of an issue, a post-conviction court is properly a post-conviction court is properly deferential to appellate counsel's choice of issues for appeal unless such a decision was unquestionably unreasonable. Such deference is appropriate because the selection of issues for direct appeal is one of the most important strategic decisions of appellate counsel. Appellate counsel's performance, as to the selection and presentation of issues, will thus be presumed adequate unless found unquestionably unreasonable considering the information available in the trial record or otherwise known to the appellate counsel. In crafting an appeal, counsel must choose those issues which appear from the face of the record to be most availing. Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. Thus, to prevail in such claim in post-conviction proceedings, it is not enough to show that appellate counsel did not raise some potential issue; instead, the defendant must show that the issue was one which a reasonable attorney would have thought availing.

*Hampton v. State*, 961 N.E.2d 480, 491-92 (Ind. 2012) (citations and internal quotation marks omitted). Applying this standard to the present case, we cannot say appellate counsel's failure to raise this issue was "unquestionably unreasonable." *Id.* at 491.

[19]    When an accused has been advised of his rights and validly waives them, but later invokes the right to counsel, the police must cease questioning until an

attorney has been made available or until the accused initiates further conversation with the police. *Davis v. United States*, 512 U.S. 452, 458 (1994) (citing *Edwards*, 451 U.S. at 484-85). We determine whether an accused has asserted the right to counsel by an objective standard. *Id.* at 458-59. Invocation of the right to counsel requires, at a minimum, some statement that can be reasonably construed as an expression of a desire for the assistance of an attorney during custodial interrogation. *Sauerheber v. State*, 698 N.E.2d 796, 802 (Ind. 1998). "The level of clarity required to meet the [reasonableness] standard must be that a 'reasonable police officer in the circumstances would understand the statement to be a request for an attorney.'" *Goodner v. State*, 714 N.E.2d 638, 641 (Ind. 1999) (quoting *Davis*, 512 U.S. at 459). In *Davis*, the defendant's statement "[m]aybe I should talk to a lawyer" was held not to be a request for counsel. *Davis*, 512 U.S. at 462. Consequently, police officers had no duty to stop questioning the defendant, and any statements he subsequently made were admissible. *Id.*

[20] In *Taylor v. State*, 689 N.E.2d 699 (Ind. 1997), our supreme court dealt with a similar issue. There, the defendant stated "I guess I really want a lawyer, but, I mean, I've never done this before so I don't know." *Id.* at 703. The court held "[a] reasonable police officer in the circumstances would not understand that [the defendant] was unambiguously asserting his right to have counsel present." *Id.* The court further stated,

> It is not enough that the defendant might be invoking his rights; the request must be unambiguous. . . . *Davis* established as a

matter of Fifth Amendment law that police have no duty to cease questioning when an equivocal request for counsel is made. Nor are they required to ask clarifying questions to determine whether the suspect actually wants a lawyer.

*Id.* Here, Boyd twice mentioned attorneys, asking, "Can I be saying this without a lawyer?" and "I don't know if I should be saying stuff without a lawyer?" Tr. at 318, 327. Neither of these statements amounts to an unequivocal and unambiguous request for counsel, as they are both questions. Thus, Boyd's statements do not rise to the level of clarity such that a reasonable officer would understand them to be requests for an attorney. An appellate challenge to the admission of his confession would not likely have succeeded.

[21] As Boyd has not demonstrated appellate counsel's failure to raise this issue on direct appeal was unquestionably unreasonable, Boyd has failed to meet his burden of establishing grounds for relief on this claim.

## IV. Motion to Compel

[22] Boyd's final argument is the post-conviction court abused its discretion in denying his motion to compel trial counsel to produce his client file. Post-conviction proceedings are governed by the same rules "applicable in civil proceedings including pre-trial and discovery procedures." P-C.R. 1(5). Further, "post-conviction courts are accorded broad discretion in ruling on discovery matters and we will affirm their determinations absent a showing of clear error and resulting prejudice." *Wilkes v. State*, 984 N.E.2d 1236, 1251 (Ind. 2013).

[23] On December 29, 2015, Boyd requested his client file from his trial attorney. On January 12, 2016, Boyd received a letter from his trial counsel declining to reproduce the file and reminding him he received a copy of his client file at the time of representation. Boyd then filed his motion to compel on January 21, 2016, three weeks after the post-conviction court denied his petition for post-conviction relief. The post-conviction court denied his motion to compel finding the case was completed and trial counsel had previously provided him with his client file. Boyd asserts his trial counsel failed to provide evidence showing he sent Boyd his file. However, it is Boyd's burden to establish his grounds for relief by a preponderance of the evidence, which he has not done. P-C.R. 1(5).

[24] In addition, Boyd has not shown prejudice from the denial of his motion. He asserts he needed his client file to amend his petition for post-conviction relief. Further, he argues pursuant to Indiana Post-Conviction Rule 1(4)(c), the post-conviction court was required to grant him leave to amend his petition. The rule states, in relevant part, "At any time prior to entry of judgment the court may grant leave to withdraw the petition." P-C.R. 1(4)(c). At the time Boyd filed his motion to compel, the post-conviction court had already entered judgment. Moreover, the record does not reveal Boyd ever filed a motion to amend his petition for post-conviction relief.

[25] Accordingly, we cannot conclude the post-conviction court abused its discretion in denying his motion to compel or that Boyd was prejudiced by the denial.

# Conclusion

The post-conviction court did not err in denying Boyd's petition for post-conviction relief. Boyd has not demonstrated he received ineffective assistance of trial or appellate counsel, nor has he shown the post-conviction court abused its discretion in denying his motion to compel. Accordingly, we affirm the post-conviction court's denial of post-conviction relief.

Affirmed.

Najam, J., and Crone, J., concur.